UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES RIFFIN,<br><br>         Plaintiff,<br><br>    v.<br><br>NEW FREEDOM BOROUGH, et al.,<br><br>         Defendants. | CIVIL ACTION NO. 1:21-CV-00313<br><br>(KANE, J.)<br>(MEHALCHICK, M.J.) |
| JAMES RIFFIN,<br><br>         Plaintiff,<br><br>    v.<br><br>NEW FREEDOM BOROUGH, et al.,<br><br>         Defendants. | CIVIL ACTION NO. 1:21-CV-00707<br><br>(KANE, J.)<br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

Before the Court are a variety of motions filed in Case No. 1:21-CV-00313 ("*Riffin 1*") and Case No. 1:21-CV-00707 ("*Riffin 2*") by Plaintiff and Defendants. First, the Court addresses Plaintiff James Riffin's ("Riffin") Fifth, Sixth, and Seventh Motions to Amend or Correct his Complaint, filed on July 28, 2021; August 23, 2021; and November 9, 2021. (*Riffin 1* Doc. 71; *Riffin 1* Doc. 88; *Riffin 1* Doc. 104). Second, the Court addresses Riffin's three motions to stay filed on September 27, 2021; August 16, 2021; and September 27, 2021. (*Riffin 1* Doc. 99; *Riffin 2* Doc. 40; *Riffin 2* Doc. 44). Third, the Court addresses Defendant Franklin Square Ventures, LLC's ("FSV") motion for sanctions. (*Riffin 1* Doc. 76). Fourth, the Court address Defendants Steven Hovis, New Freedom Borough, Dennis Sarpen, and Ann Shemo's (hereinafter, collectively known as the "Borough Defendants") motions to consolidate, filed

on August 16, 2021. (*Riffin 1* Doc. 83; *Riffin 2* Doc. 38). Finally, the Court addresses Riffin's two motions to file a consolidated response filed on July 21, 2021, and September 21, 2021. (*Riffin 1* Doc. 65; *Riffin 1* Doc. 97).

A. **MOTIONS TO AMEND**

In his fifth motion to amend, Riffin requests that the Court permit inclusion of a new conspiracy claim against the Defendants. (*Riffin 1* Doc. 72, at 3). Riffin also submits that more logical page numbers are inserted and that he has eliminated excessive verbiage. (*Riffin 1* Doc. 72, at 4). In his sixth motion to amend, Riffin seeks leave to add a claim of conspiracy to deny him access to the courts. (*Riffin 1* Doc. 89, at 2). In his seventh motion to amend, Riffin attempts to add an equal protection claim and a new Defendant. (*Riffin 1* Doc. 105, at 2). For the following reasons, Riffin's motions are denied. (*Riffin 1* Doc. 71; *Riffin 1* Doc. 88; *Riffin 1* Doc. 104).

Rule 15 of the Federal Rules of Civil Procedure governs motions to amend a complaint. Rule 15 provides for three ways by which a plaintiff may potentially amend a complaint: (1) as a matter of course; (2) with the opposing party's written consent; or (3) by leave of court. Fed. R. Civ. P. 15. Riffin has previously utilized the amendment provided as a matter of course by Rule 15, thus he is no longer entitled to amendment as a matter of course. *Riffin 1* Doc. 56; *see* Fed. R. Civ. P. 15(a)(1). As Defendants have not consented, Riffin is required to seek leave of court to amend his complaint. Fed. R. Civ. P. 15(a)(d); *Riffin 1* Doc. 78; *Riffin 1* Doc. 79; *Riffin 1* Doc. 80; *Riffin 1* Doc. 81; *Riffin 1* Doc. 82.

Decisions regarding motions to amend are committed to the court's broad discretion and will not be disturbed absent an abuse of that discretion. That discretion is guided by an

animating principle embodied by Rule 15: that leave should be freely given when justice so requires. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason ... the leave sought should, as the rules require, be 'freely given.' "). However, even under this liberal standard, a motion for leave to amend may be denied when justified. Permissible justifications for denial of leave to amend include: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposition; (4) repeated failures to correct deficiencies with previous amendments; and (5) futility of the amendment. *Riley v. Taylor*, 62 F.3d 86, 90 (3d Cir. 1995).

Riffin asserts that the justifications for denial are absent in this case. (*Riffin 1* Doc. 72, at 5-6; *Riffin 1* Doc. 89, at 8; *Riffin 1* Doc. 105, at 8-9). He states that Defendants have not been deprived of the opportunity to present facts or arguments, so they have not been prejudiced. (*Riffin 1* Doc. 72, at 6; *Riffin 1* Doc. 89, at 9; *Riffin 1* Doc. 105, at 9-10). Riffin claims that without opportunity to amend, he would be unable to add legitimate claims. Defendants respond that the amendments Riffin seeks are unnecessary. (*Riffin 1* Doc. 79, at 5-6). Furthermore, the additional conspiracy claim is not supported by the allegations, so amendment would be futile. (*Riffin 1* Doc. 79, at 6). Finally, Defendants assert that Riffin has run out of chances to amend his complaint and that this recurring pattern results in significant time and expense. (*Riffin 1* Doc. 79, at 8-11).

The Third Circuit Court of Appeals has stated that "a 'plaintiff has to carefully consider the allegations to be placed in a complaint before it is filed," and that "three attempts at a proper pleading is enough." *Gasoline Sales, Inc. v. Aero Oil Co.*, 39 F.3d 70, 74 (3d Cir. 1994) (internal citations omitted). Riffin states that he has read more law and more cases since

his prior amended complaint, and that "[f]urther reading convinced Plaintiff that he did have a basis for alleging a conspiracy." (*Riffin 1* Doc. 72, at 3; *Riffin 1* Doc. 89, at 2; *Riffin 1* Doc. 105, at 3). This work, however, could easily have been performed prior to Riffin instituting this lawsuit. Leave to amend cannot continually be granted every time a plaintiff gleans more knowledge. Furthermore, Riffin's concern with verbiage and logical enumeration does not warrant a full refiling of an amended complaint.

For these reasons, Riffin's Motions to Amend are **DENIED**. (*Riffin 1* Doc. 71; *Riffin 1* Doc. 88; *Riffin 1* Doc. 104).

B. **MOTIONS TO STAY**

Riffin seeks a stay in the proceedings until his case has concluded in the Court of Common Pleas of York County. (*Riffin 2* Doc. 40, at 1). Riffin contends that his proceeding in the York County Court shall determine an overlapping question that is present in the proceeding in the District Court for Middle District of Pennsylvania. (*Riffin 2* Doc. 40, at 2). Specifically, Riffin states that the issue of conveyance of property and the "validity of Resolution 2018-2" influences this Court's opinion in the case pending before it. (*Riffin 2* Doc. 40, at 2-4).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). Federal courts within the Third Circuit generally evaluate four factors in determining whether to grant a stay of proceedings at the trial court level: "(1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the request is denied; (3) whether

other parties will be harmed by the stay; and (4) whether granting the stay will serve the public interest." *Wallace v. Powell*, No. 3:09-CV-0291, 2013 WL 119659, at *1 (M.D. Pa. Jan. 9, 2013) (quoting *State Farm Mut. Auto. Ins. Co. v. Lincow,* No. CIV.A. 05-5368, 2007 WL 614103, at *1 (E.D. Pa. Feb. 22, 2007)).

The Court finds that Riffin's motion to stay should be denied. (*Riffin 2* Doc. 40). First, Riffin does not allege any facts to support the likelihood that he will succeed on the merits. Second, Riffin fails to establish that he will suffer any sort of irreparable harm if the request for a stay is denied. Third, although Riffin alleges that Borough Defendants concur in the motion to stay, it is clear from Borough Defendants' brief that they seek dismissal, or in the alternative, to stay. (*Riffin 2* Doc. 40, at 1-5; *Riffin 2* Doc. 33). A stay would harm Defendants as it would delay their ability to obtain final resolution of these claims. Fourth, the interests of effective administration of justice warrant denying the stay and allowing the case to proceed in a timely fashion. Riffin alleges that if resolution of the York County Court action is in his favor, the pending action in this Court "will become moot." (*Riffin 2* Doc. 40, at 3). However, it is clear that granting the stay would only delay the final resolution of this action and further consume the Court's limited resources. Plaintiff has failed to show that any of the relevant factors weigh in favor of staying this action.

As such, Riffin's motion to stay is **DENIED** without prejudice to refiling the motion upon the Court's disposition of the pending motions to dismiss.[1] (*Riffin 2* Doc. 40).

---

[1] There are multiple motions to dismiss pending in the above captioned cases. (*Riffin 1* Doc. 58; *Riffin 1* Doc. 59; *Riffin 1* Doc. 61; *Riffin 1* Doc. 62; *Riffin 1* Doc. 63; *Riffin 2* Doc. 33;

Additionally, Riffin's other motions to stay regarding his motions to amend are **DENIED** as moot, as the Court has addressed Riffin's motions to amend after his requested date of stay. (*Riffin 1* Doc. 99; *Riffin 2* Doc. 44).

C. **MOTION FOR SANCTIONS**

Defendant FSV moves for sanctions against Riffin pursuant to Rule 11 of the Federal Rules of Civil Procedure on the grounds that Riffin has "file[d] numerous complaints designed to increase attorney's fees of Defendants" and "file[d] frivolous claims against [FSV]." (*Riffin 1* Doc. 77, at 8-9). FSV alleges that Riffin threaten to and filed *Riffin 1* because "litigation would be expensive for the Defendants, but not for Riffin." (*Riffin 1* Doc. 77, at 8). Additionally, FSV states that Riffin has failed to allege that FSV "acted under 'color of law'" and that Riffin has not alleged "any constitutional or federal right[s]" violated by FSV's conduct. (*Riffin 1* Doc. 77, at 11). Riffin opposes the motion for sanctions and argues that the motion "is premature" as the Court has yet to rule on the pending motions to dismiss. (*Riffin 1* Doc. 78, at 1-2).

> Rule 11 of the Federal Rules of Civil Procedure states, in pertinent part:
>
> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper-whether by signing, filing, submitting, or later advocating it-an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

---

*Riffin 2* Doc. 34). If Riffin so desires, he may re-file a motion to stay if appropriate upon the disposition of the pending motions to dismiss.

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

Fed. R. Civ. P. 11(b).

If a party or its counsel violates this provision, the opposing party may move for the imposition of sanctions, which may include an order directing payment to the movant of "part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c). The purpose of Rule 11 is to correct litigation abuse. *Gaiardo v. Ethyl Corp.,* 835 F.2d 479, 483 (3d Cir. 1987). "Fed. R. Civ. P. 11 provides for the imposition of sanctions against counsel or parties acting *pro se* if the court finds that pleadings or other papers signed by the counsel or the party are 'frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.' " *See Baxter v. A.T. & T. Comm.*, No. 88-471 (CFS) 1989 WL 121058, at * 2 (D.N.J. Sept. 5, 1989) (quoting *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 421 (1978)); *see also Doering v. Union Cty. Bd. of Chosen Freeholders,* 857 F.2d 191, 194 (3d Cir. 1988) ("This Court and others have interpreted [the] language [of Rule 11] to prescribe sanctions, including fees, only in the 'exceptional circumstance' where a claim or motion is patently unmeritorious or frivolous.") (citations omitted); *Flanagan v. Warden, U.S. Penitentiary*, 784 F. Supp. 178, 182 (M.D. Pa. Feb. 19, 1992).

Further, "[t]he legal standard to be applied when evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances." *Ford Motor Co. v. Summit*

*Motor Prods., Inc.,* 930 F.2d 277, 289 (3d Cir. 1991) (citing *Bus. Guides v. Chromatic Commc'ns Enter., Inc.,* 498 U.S. 533, 546–47 (1991)). Reasonableness in the context of Rule 11 is "an objective knowledge or belief at the time of the filing of the challenged paper that the claim was well-grounded in law and fact." *Ford,* 930 F.2d at 289. "The wisdom of hindsight is to be avoided; the [party or] attorney's conduct must be judged by what was reasonable to believe at the time the pleading, motion, or other paper was submitted." *Schering Corp. v. Vitarine Pharm., Inc.,* 889 F.2d 490, 496 (3d Cir. 1989). Nonetheless, "the imposition of sanctions for a Rule 11 violation is discretionary rather than mandatory." *Grider v. Keystone Health Plan Cent., Inc.,* 580 F.3d 119, 146 n. 28 (3d Cir. 2009) (citation omitted); *see also Marlowe Pat Holdings v. Ford Motor Co.*, No. CIV.A. 11-7044 PGS, 2013 WL 6383122, at *2 (D.N.J. Dec. 5, 2013) ("[I]mposing sanctions is an extraordinary remedy to be exercised with restraint.").

Although Riffin has filed multiple motions to amend and amended complaints, it does not appear that he has misrepresented any issues to the Court within his complaints, as is required to impose sanctions by Rule 11. (*Riffin 1* Doc. 1; *Riffin 1* Doc. 4; *Riffin 1* Doc. 51; *Riffin 1* Doc. 55); Fed. R. Civ. P. 11. In each instance, Riffin has previously been granted leave to amend or has been permitted to amend his complaint as a matter of course and has timely filed his amended complaints. (*Riffin 1* Doc. 4; *Riffin 1* Doc. 48; *Riffin 1* Doc. 51; *Riffin 1* Doc. 53; *Riffin 1* Doc. 55); *see Doering,* 857 F.2d at 194; *Gaiardo,* 835 F.2d. at 482. The Court has not permitted Riffin to file any more amended complaints and such an order should quell Defendant FSV's concern of frivolous amendments. *Supra.* At this time, the Court does not find that exceptional circumstances exist to impose sanctions. *See Doering,* 857 F.2d at 194; *Gaiardo,* 835 F.2d. at 482. Here, at the time of pleading and during his subsequent amended

complaints, Riffin appeared to compose the filings with "an objective knowledge or belief . . . that the claim[s were] well-grounded in law and fact." *Ford*, 930 F.2d at 289. Riffin, proceeding *pro se*, has attempted to file a thoroughly articulated complaint and has amend that complaint to the best of his legal knowledge. (*Riffin 1* Doc. 1; *Riffin 1* Doc. 4; *Riffin 1* Doc. 51; *Riffin 1* Doc. 55). The Court does not find that the filing of the amended complaints were "'patently unmeritorious or frivolous' enough to justify sanctions." See *BNB Hana Bank Nat. Ass'n v. Red Mansion LLC*, No. 3:14-CV-01664, 2015 WL 9480030, at *3 (M.D. Pa. Dec. 29, 2015) (quoting *Doering*, 857 F.2d at 194). Accordingly, the challenged conduct is not an "exceptional circumstance" that merits the imposition of sanctions in this case. *See Doering*, 857 F.2d at 194; *Gaiardo*, 835 F.2d. at 482; *see also BNB*, 2015 WL 9480030, at *3. Thus, FSV's motion for sanctions is **DENIED**.[2] (*Riffin 1* Doc. 76).

D. **MOTIONS TO CONSOLIDATE**

On August 16, 2021, the Borough Defendants filed motions to consolidate two pending cases before this Court (*Riffin 1*; *Riffin 2*). (*Riffin 1* Doc. 83; *Riffin 2* Doc. 38). Riffin filed his briefs in opposition to the motions to consolidate on August 19, 2021.[3] (*Riffin 1* Doc. 86; *Riffin 2* Doc. 42).

---

[2] Defendant FSV raises similar issues of frivolousness in their motion to dismiss filed on July 14, 2021. (*Riffin 1* Doc. 59). The Court may revisit these issues when it addresses the motions to dismiss following complete briefing by the parties.

[3] In *Riffin 1*, Riffin filed a motion to consolidate cases. (*Riffin 1* Doc. 86). However, the Court construes Riffin's motion to consolidate cases as a brief in opposition to Borough Defendants' motion to consolidate cases. (*Riffin 1* Doc. 86; *Riffin 1* Doc. 83). Riffin clearly opposes Borough Defendants' motion within the body of his motion to consolidate cases and the language within is identical to his brief in opposition to Borough Defendants' motion to

Rule 42(a) of the Federal Rules of Civil Procedure provides that, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." Fed. R. Civ. P. 42(a)(2). A magistrate judge has the authority to rule on a consolidation request as a non-dispositive motion. *See Carcaise v. Cemex Inc.*, 217 F. Supp. 2d 603, 604 n.1 (W.D. Pa. 2002).

> Consolidation is appropriate to avoid unnecessary costs and/or delay, and to promote judicial economy. The mere existence of common issues, however, does not require consolidation. The savings of time and effort gained through consolidation must be balanced against the inconvenience, delay or expense that might result from simultaneous disposition of the separate actions.
>
> *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 80–81 (D.N.J. 1993) (citations omitted).

"[A] threshold requirement for consolidation is whether there exists a common question of law or fact." *Russell v. United States*, No. 1:12-CV-0407, 2012 WL 2792239, at *2 (M.D. Pa. July 9, 2012) (citing *In re Consol. Parlodel Litig.,* 182 F.R.D. 441, 444 (D.N.J. 1998)). The decision to consolidate cases with common issues of fact or law is still within the discretion of the court so long as "consolidation would facilitate the administration of justice." *See Russell*, 2012 WL 2792239, at *2 (quoting *Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.,* 775 F. Supp. 759, 761 (D. Del. 1991)); *see also Gambino v. Warden, FCI-Schuylkill*, No. 19-0249, 2019 WL 2005627, at *1 (M.D. Pa. May 7, 2019). *Liberty Lincoln Mercury,* 149 F.R.D. at 80. "In considering a motion to consolidate, the court must balance the saving of time and effort gained through consolidation against the prejudice, inconvenience, or expense that it might

---

consolidate cases in *Riffin 2*. (*Riffin 1* Doc. 86; *Riffin 2* Doc. 42). Therefore, the Court construes Riffin's motion to consolidate cases as a brief in opposition to Borough Defendants' motion to consolidate cases. *(Riffin 1* Doc. 86; *Riffin 1* Doc. 83).

cause." *Gambino*, 2019 WL 2005627, at *1; *see also Mincy v. Chimielewski,* No. 1:05-cv-0292, 2006 WL 1997457, at *2 (M.D. Pa. July 17, 2006) (citing *Bernardi v. City of Scranton*, 101 F.R.D. 411, 413 (M.D. Pa. 1983)); *Russell*, 2012 WL 2792239, at *2.

These two actions involve parallel facts and parties, are presided over by the same Judges, and are in similar procedural postures. (*Riffin 1*; *Riffin 2*). The cases rely upon similar — if not identical — theories of recovery, based on the same issue surrounding a parcel of land and a local resolution that allegedly "deprived Riffin of his right to enforce the Restrictive Notes." (*Riffin 1* Doc. 55, at 9; *Riffin 2* Doc. 31, at 10-11); see *Russell,* 2012 WL 2792239, at *2; *see also Brown v. House*, No. 2: 18-cv-1130, 2019 WL 563585, at *2 (W.D. Pa. Feb. 12, 2019). In addition, the ultimate disposition of both cases will likely involve the same legal principles as they seek to invalidate the same local resolution. (*Riffin 1* Doc. 55, at 9; *Riffin 2* Doc. 31, at 10-11). The two actions involve the same plaintiff and many of the same defendants and are counseled by many of the same attorneys. (*Riffin 1* Doc. 55, at 11-13; *Riffin 2* Doc. 31, at 12-13). Riffin proceeds *pro se* in both cases. (*Riffin 1*; *Riffin 2*). The Borough Defendants are named defendants in both cases and are counseled by the same attorneys in both cases. (*Riffin 1* Doc. 55, at 11-13; *Riffin 2* Doc. 31, at 12-13). Additionally, Defendant Stock and Leader, P.A., a named Defendant in *Riffin 1*, is counseled by one of the same attorneys as the Borough Defendants. (*Riffin 1* Doc. 17). Although Defendants Stephen McDonald; CGA Law Firm; Franklin Square Ventures, LLC; and Franklin Land Development L.P. are named Defendants in *Riffin 1*, their presence does not weigh against consolidating the two cases. (*Riffin 1* Doc. 55, at 9; *Riffin 2* Doc. 31, at 10-11); *see Jones v. Sanko Steamship Co., Ltd*, No. 10-6787 (JBS/KMW), 2013 WL 12424522, at *1-2 (D.N.J. Aug. 19,

11

2013) (consolidating two cases that involved the same incident even though the cases had different defendants). Additionally, both cases are assigned to District Judge Kane and referred to Chief Magistrate Judge Mehalchick for pretrial matters. *See Averhart v. Comm. Workers of Am.,* 688 F. App'x, 158, 161 (3d Cir. 2017). Finally, the two cases are in similar procedural postures as discovery has not begun in either case and there are pending motions to dismiss and motions to stay in both cases. (*Riffin 1* Doc. 58; *Riffin 1* Doc. 59; *Riffin 1* Doc. 61; *Riffin 1* Doc. 62; *Riffin 1* Doc. 63; *Riffin 1* Doc. 99; *Riffin 2* Doc. 33; *Riffin 2* Doc. 34; *Riffin 2* Doc. 40; *Riffin 2* Doc. 44); *see Galicki v. New Jersey*, No. 14-1319(WHW)(CLW), 2014 WL 4105441, at *4 (D.N.J. Aug. 18, 2014) (consolidating two cases "given that both actions are still in their relative infancy and have nearly identical procedural postures").

Due to the multitude of similarities between the cases, the parties would not be prejudiced, inconvenienced, or forced to incur unnecessary expense if the cases were consolidated. *See Gambino*, 2019 WL 2005627, at *1. Additionally, the Court would save time and effort in deciding the substantially similar cases as one. *See Gambino*, 2019 WL 2005627, at *1. Thus, the factors balance in favor of the consolidation of the two cases. *See Averhart*, 688 F. App'x, at 161 (determining that cases were "consolidated into one action by the District Court" when they "proceeded in the same forum and in front of the same judge; the plaintiff represented himself in both cases; and there was a great deal of overlap in the defendants and claims").

Accordingly, Borough Defendants' motions to consolidate are **GRANTED**. (*Riffin 1* Doc. 83; *Riffin 2* Doc. 38). The above-captioned cases are consolidated on all matters. All future filings shall be made at Docket No. 1:21-cv-00313. Any pending motions in *Riffin 2*

shall be decided under Docket No. 1:21-cv-00313.[4] Additionally, Plaintiff's motion to consolidate, being construed as a brief in opposition, is **DENIED**. (*Riffin 1* Doc. 86).

E. **M**OTIONS TO **F**ILE A **C**ONSOLIDATED **R**ESPONSE

Riffin's motions to file a consolidated response are **GRANTED** insofar as Riffin may file one brief in opposition to Defendants' motions to dismiss in *Riffin 1* and *Riffin 2* which is not to exceed 10,000 words. (*Riffin 1* Doc. 65; *Riffin 1* Doc. 97). Riffin's brief in opposition to Defendants' motions to dismiss is due 21 days from the date of this order, on or before **Friday, December 3, 2021**.

F. **C**ONCLUSION

Based on the foregoing, it is hereby **ORDERED** that:

1. Riffin's motions to amend are **DENIED**. (*Riffin 1* Doc. 71; *Riffin 1* Doc. 88; *Riffin 1* Doc. 104).

2. Riffin's motions to stay are **DENIED**. (*Riffin 1* Doc. 99; *Riffin 2* Doc. 40; *Riffin 2* Doc. 44).

3. Defendant FSV's motion for sanctions is **DENIED**. (*Riffin 1* Doc. 76).

4. Borough Defendants' motions to consolidate are **GRANTED**. (*Riffin 1* Doc. 83; *Riffin 2* Doc. 38). The above-captioned cases are consolidated on all matters. All future filings shall be made at Docket No. 1:21-cv-00313. Riffin's motion to consolidate, being construed as a brief in opposition to Borough Defendants' motion to consolidate, is **DENIED**. (*Riffin 1* Doc. 86).

5. Riffin's motions to consolidate his response to Defendants' motions to dismiss are **GRANTED**. (*Riffin 1* Doc. 65; *Riffin 1* Doc. 97). Riffin's brief

---

[4] Borough Defendants have filed two motions to dismiss in *Riffin 2*. (*Riffin 2* Doc. 33; *Riffin 2* Doc. 34). These motions and their corresponding briefs shall be moved to the *Riffin 1* docket and decided by the Court under Docket No. 1:21-cv-00313. (*Riffin 2* Doc. 33; *Riffin 2* Doc. 34; *Riffin 2* Doc. 36; *Riffin 2* Doc. 37).

13

in opposition to Defendants' motions to dismiss is due 21 days from the date of this order, on or before **Monday, December 6, 2021**.

An appropriate order follows.

**Dated: November 15, 2021**                              *s/ Karoline Mehalchick*
                                                           **KAROLINE MEHALCHICK**
                                                           **Chief United States Magistrate Judge**